IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELINDA RENAE CLAYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv284-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On April 22, 2013, federal inmate Melinda Renae Clayton ("Clayton") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1]  Doc. No. 1. Clayton challenges the sentence imposed upon her guilty-plea convictions for conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286; wire fraud, in violation of 18 U.S.C.§ 1343; and aggravated identity theft, in violation of 18 U.S.C. § 11028A(a)(1), (c)(5) & 2.  She was sentenced to 61 months in prison and ordered to pay $494,424 in restitution.  In her § 2255 motion, she claims (1) the district court erred in imposing a six-level guidelines enhancement under U.S.S.G. § 2B1.1(b)(2)(C), and (2) the district court erred in holding her accountable for conduct by her coconspirator Veronica

---

[1] Clayton apparently signed her § 2255 motion on April 22, 2013.  Applying the "mailbox rule," and no evidence to the contrary, this court deems her motion as having been filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Dale in the calculation of the restitution she must pay. Doc. No. 1 at 4-5. The Government argues that Clayton's § 2255 motion is barred by an appeal/collateral review waiver provision in her plea agreement and is, in any event, untimely under the limitation period in 28 U.S.C. § 2255(f). Doc. No. 3.

## II. DISCUSSION

### A. Waiver Provision in Plea Agreement

The written plea agreement contained a waiver provision by which Clayton expressly waived her right to appeal or collaterally attack her convictions and sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *See* Gov. Ex. 4 at 7-8. An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

At Clayton's change of plea hearing, the magistrate judge ascertained from Clayton that she had read and discussed the plea agreement with her counsel before signing it, and

that he understood the terms of the plea agreement. *See* Gov. Ex. 5 at 4. The terms of the waiver provision were stated in open court, with Clayton representing to the court that she understood them. *Id.* at 8. Further, the written plea agreement contained Clayton's signature under language acknowledging that she had read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations that had been made to her and all the terms that had been reached. Gov. Ex. 4 at 17.

Clayton does not challenge the validity of the waiver in the plea agreement, and there is nothing in the record showing that the waiver was anything but knowing and voluntary. The court's colloquy with her at the change of plea hearing reflects that she knowingly and voluntarily entered into the waiver agreement as a part of the plea bargain. Her signature at the conclusion of the written plea agreement attests that she reviewed and understood the terms of the agreement, including the waiver provision. According to the express terms of the waiver provision, she waived her right to appeal or collaterally attack her convictions and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. Therefore, the waiver provision bars this court's review of the claims she presents in her § 2255 motion.[2]

**B.    One-year Limitation Period**

Clayton's § 2255 motion is also time-barred. The timeliness of her motion is

---

[2] As the Government correctly observes, claims – like Clayton's Ground 1 – challenging a court's sentencing guideline application generally provide no basis for § 2255 relief. *See Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc).

governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Clayton pled guilty on October 3, 2011, and was sentenced on March 13, 2012. The district court entered judgment on March 15, 2012. Clayton took no appeal. Under § 2255(f)(1), then, her conviction became final on March 29, 2012, upon expiration of the time for her to file an appeal (i.e., 14 days after entry of judgment by the district court). *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A)(i). Thus, she had until March 29, 2013, to file § 2255 motion that was timely under § 2255(f)(1).[3] However, she did not file her § 2255 motion until April 22, 2013.

---

[3] Clayton makes no attempt to argue that the limitation period in her case was governed by
(continued...)

Although an amended judgment was entered in Clayton's case in August 2012, that amended judgment was solely to modify the court's restitution order, specifically, to make Clayton's restitution obligation joint and several with two codefendants who were sentenced after her. Because Clayton was not resentenced and the amended judgment made no substantive (or more onerous) change in her sentence, the original judgment date of March 15, 2012, is correctly used in determining when Clayton's conviction became final (March 29, 2012). *See United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004).[4]

Under 28 U.S.C. § 2255(f)(1), Clayton had until March 29, 2013, to file a timely § 2255 motion. Her § 2255 motion filed on April 22, 2013, is untimely under § 2255(f)(1) and, consequently, is time-barred.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and this case dismissed with prejudice, as the § 2255 motion is barred under the waiver provision in the petitioner's plea agreement and also was not filed within the controlling federal limitation period.

It is further

---

[3](...continued)
any provision in § 2255(f)(2)-(4) or that equitable tolling is warranted in her case. The burden of establishing entitlement to equitable tolling rests with the petitioner. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

[4] The Government also correctly observes that claims – like Clayton's Ground 2 – attacking a restitution order are not cognizable in a § 2255 motion. *Mamone v. United States*, 559 F.3d at 1209, 1211 (11th Cir. 2009).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 27, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of February, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE